In the Matter of CITY BANK FARMERS TRUST COMPANY, Petitioner, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.†

Supreme Court, Special Term, New York County, October 3, 1944.

* 65 S. Ct. 563.

† See, also, *Realty Revenue Corp.* v. *Wilson*, 182 Misc. 552.— [Rep.

*Arnstein & Levy* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel* (*Charles C. Weinstein* and *Rose Schneph* of counsel), for respondents.

NULL, J. It is not disputed that Conservation Order L. 41 issued by the War Production Board on April 9, 1942 (7 Fed. Reg. 2730), and effective since that date, made impossible compliance with the provisions of section 22-A of the Zoning Resolution of the City of New York (eff. June 28, 1940). Manifestly, the wartime restrictions upon the use of building materials have prevented the petitioner from commencing the construction of the theatre contemplated by the application and plans filed by it with the Borough Superintendent of Buildings. No challenge is presented to the good faith of the petitioner. It is unquestioned that it has the financial ability and is willing and ready, but for the Federal restrictions, to proceed with the work of construction. No claim is made of any variance in the conditions which existed at the time of the issuance of the final order of certiorari or subsequently, when the respondents withdrew their appeal from that order.

To contend that being unable to build, the petitioner did not build, is to stress unreasonably the consequence of events which the petitioner, any more than the respondents, could neither control nor influence. On May 6, 1942, the date of the withdrawal of the respondents' appeal, as well as on August 4, 1942, the date of the approval of the petitioner's application and plans for the erection of its theatre, the order of the War Production Board was already in effect and the use of building materials, equipment, labor and transportation was limited solely to war purposes. In the face of such an order, it is inconceivable that the respondents could have contemplated that the petitioner would be granted leave by the War Production Board to erect

a structure so unessential to the prosecution of the war as a motion picture theatre, or that the approval of the application and plans was subject to any commitment by the petitioner that substantial construction would be made within the year.

Regulation, rationing and restriction upon the exercise of private rights and privileges must be counted as a part of the cost of waging war for the preservation of those very rights and privileges. With paramount regard, however, to the promotion of the national interest, there is still the compelling requirement that such processes of normal living which have been necessarily subjected to the impact of governmental intervention shall be vouchsafed until their ordinary exercise shall become possible. Undue hardship and the deprivation of rights should not be the portion of those who may find themselves caught between the conflicting compulsions of government and local regulation. Thus, the inability to meet the requirements of local regulation due to restrictions imposed by the Federal government ought not to be transformed into a means for the forfeiture of rights which in good conscience ought to and should be preserved. To insist upon compliance with a local regulation which the national government forbids is to insist upon performance of the impossible. Such a position is unreasonable and inequitable.

The court has jurisdiction to prevent from being rendered ineffective and void the provisions of the final order of certiorari in this proceeding and to assure that its purposes be fully attained. The petitioner is entitled to the relief it seeks and the application is granted. Settle order.